UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

RODNEY HENRY CARTER                         Plaintiff

v.                                               Civil Action No. 4:22-cv-163-RGJ-HBB

NORMAN CHAFFINS                        Defendant

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Pro se Plaintiff Rodney Henry Carter ("Plaintiff Carter") objects [DE 23] to the Magistrate Judge's Order [DE 22] setting a hearing on a discovery dispute. For the reasons below, the objection is **OVERRULED**.

**I.  BACKGROUND**

Plaintiff Carter initiated this case pro se alleging that Defendant Norman Chaffins, Grayson County Sherriff ("Defendant Chaffins"), violated his First Amendment rights by "blocking" him from a "public Facebook account." [DE 1; DE 6, Initial Review Order]. The Court referred the case to the Magistrate Judge for purposes of managing the case. [DE 6]. Plaintiff Carter moved to recuse the Magistrate Judge because of a "conflict of interest" from other pending cases brought by Plaintiff Carter in which the Magistrate Judge presided. [DE 8]. That motion was denied by the Magistrate Judge, inferring that Plaintiff Carter believed the Magistrate Judge would not be fair due to dismissal in one of the other cases, because "an adverse ruling in a case is insufficient to establish bias or prejudice pursuant to the statute." [DE 9].

On November 6, 2023, the Magistrate Judge held a scheduling conference and issued a scheduling order, which included a discovery deadline of July 1, 2024. [DE 17]. On June 17, 2014, Plaintiff Carter filed an Objection to Notice to Take Deposition, arguing "Plaintiff was not properly

notified of said Deposition and Date," and "asks that the Deposition be cancelled until both parties can agree on a date/time." [DE 20]. Defendant Chaffins filed a response, asserting that counsel communicated with Plaintiff Carter mid-May to schedule his deposition and that after no response was received for several weeks, noticed the deposition. [DE 65]. After the deposition was noticed, Plaintiff Carter responded by email that he would be unavailable for the next two months and offered no alternative dates for his deposition. [DE 65]. Numerous communications and attempts to communicate ensued, but Plaintiff Carter has not responded to attempts to reschedule or take his deposition despite the looming discovery deadline of July 1. [*Id*]. Defendant Chaffins attaches the parties email communications to his response. [*Id*].

The Magistrate Judge scheduled an in-person discovery hearing for June 21, 2024 to resolve Plaintiff Carter's objection to the deposition notice. [DE 22]. Plaintiff Carter then filed an "Objection to Order for Discovery Hearing," stating "[t]here is no need for an in-person hearing if the Defendant's attorney would correspond in a timely manner . . . The Court gave a short-notice for an in-person hearing . . . [a]lso, due to my wife being sick, she can't be left alone." [DE 23 at 75]. Plaintiff Carter states in his objection that the Magistrate Judge will not be fair to him and "asking the Chief Justice to appoint a new judge . . ." [DE 23 at 75]. The Magistrate Judge then rescheduled the hearing and converted it from in-person to telephonic. [DE 24]. Plaintiff Carter then filed a Motion for Continuance of Telephonic Conference, asking "the above case be put on hold until a decision is made by the Chief Justice" on Plaintiff Carter's request for a new judge. [DE 26].

## II.      STANDARD OF REVIEW

A party may object to a magistrate judge's non-dispositive order within fourteen days. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). When a party timely objects to a magistrate judge's

non-dispositive order, this Court "has authority to 'reconsider' the determination, but under a limited standard of review." *Massey v. City of Ferndale*, 7 F.3d 506, 509 (6th Cir. 1993) (citing 28 U.S.C. § 636(b)(1)(A)). Under that standard, a magistrate judge's determination must be affirmed unless the objecting party shows that the order is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a) (implementing statutory directive). Factual findings are reviewed under the clearly erroneous standard, while legal conclusions are reviewed under the contrary to law standard. *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992), *aff'd per curiam*, 19 F.3d 1432 (6th Cir. 1994) (unpublished table disposition) (internal quotation marks omitted). A legal conclusion is contrary to law if it contradicts or ignores applicable precepts of law. *Id.* (citing *Adolph Coors Co. v. Wallace*, 570 F. Supp. 202, 205 (N.D. Cal. 1983)).

### III. DISCUSSION

Plaintiff Carter objects to the Magistrate Judge scheduling a hearing to resolve the dispute over the deposition, and objects to the alleged short notice of the hearing. Plaintiff Carter disputes the need for a discovery hearing stating "[t]here is no need for an in-person hearing if the Defendant's attorney would correspond in a timely manner." [DE 23]. Merits of the dispute aside, Plaintiff Carter's argument implicitly concedes the need for a discovery hearing. And the email correspondences in the record indicate that Plaintiff Carter is not making a good faith effort to participate in discovery. [DE 23-1, DE 23-2, DE 23-3, DE 23-4, DE 23-5]. His efforts appear more aimed at interfering with the orderly proceeding of the case, rather than advancing it. This case was referred to the Magistrate Judge under 28 U.S.C. § 636(b)(1)(A) "for resolution of all litigation planning issues, entry of scheduling orders, consideration of amendments thereto, and resolution of all non-dispositive matters, including discovery issues." [DE 6 at 25]. The referral

further "empowered [the Magistrate Judge] to conduct any hearings necessary for the resolutions of these issues . . ." [*Id.*]. There is no question that the Magistrate Judge has the authority to resolve discovery issues and may conduct a hearing to do so. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 379–80 (1994) (describing the authority of courts to manage proceedings), 28 U.S.C. § 636(b)(1). Thus, the Magistrate Judge's scheduling of a discovery hearing was not "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). Instead, the Magistrate Judge is appropriately managing this proceeding and may schedule hearings as needed.

As to the timing of the hearing, that issue is now moot as the Magistrate Judge, to accommodate Plaintiff Carter, rescheduled the hearing to a different date, allowing the parties to participate by telephone. Plaintiff Carter shall attend the telephonic hearing scheduled for June 28, 2024. Plaintiff Carter is notified that failure to comply with the Magistrate Judge's order or this order may result in dismissal of this lawsuit under Fed. R. Civ. P. 37 and 41(b).

### IV. CONCLUSION

For the reasons explained, and the Court being otherwise sufficient advised, Plaintiff Carter's objection [DE 23] to the Magistrate Judge's order [DE 22] is **OVERRULED**.

Rebecca Grady Jennings, District Judge
United States District Court

June 28, 2024

cc: counsel of record
Plaintiff, pro se

4