UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

RODNEY HENRY CARTER                                                    Plaintiff

v.                                                    Civil Action No. 4:22-cv-163-RGJ-HBB

NORMAN CHAFFINS                                           Defendant

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Pro se Plaintiff Rodney Henry Carter ("Plaintiff Carter") objects [DE 31] to the Magistrate Judge's Report and Recommendation [DE 30] that this case be dismissed with prejudice. Plaintiff Carter also moves for reassignment of the case to a different magistrate judge. [DE 29]. For the reasons below, the objection is **OVERRULED** and Plaintiff Carter's motion for reassignment is **DENIED**.

### I.     BACKGROUND

Plaintiff Carter initiated this case pro se alleging that Defendant Norman Chaffins, Grayson County Sherriff ("Defendant Chaffins"), violated his First Amendment rights by "blocking" him from a "public Facebook account." [DE 1; DE 6, Initial Review Order]. The Court referred the case to the Magistrate Judge for purposes of managing the case. [DE 6]. Plaintiff Carter previously moved to recuse the Magistrate Judge because of a "conflict of interest" from other pending cases brought by Plaintiff Carter in which the Magistrate Judge presided. [DE 8]. That motion was denied by the Magistrate Judge, inferring that Plaintiff Carter believed the Magistrate Judge would not be fair due to dismissal in one of the other cases, because "an adverse ruling in a case is insufficient to establish bias or prejudice pursuant to the statute." [DE 9].

1

On November 6, 2023, the Magistrate Judge held a scheduling conference and issued a scheduling order, which included a discovery deadline of July 1, 2024. [DE 17]. On June 17, 2014, Plaintiff Carter filed an Objection to Notice to Take Deposition, arguing "Plaintiff was not properly notified of said Deposition and Date," and "asks that the Deposition be cancelled until both parties can agree on a date/time." [DE 20]. Defendant Chaffins filed a response, asserting that counsel communicated with Plaintiff Carter mid-May to schedule his deposition and that after no response was received for several weeks, noticed the deposition. [DE 65]. After the deposition was noticed, Plaintiff Carter responded by email that he would be unavailable for the next two months and offered no alternative dates for his deposition. [DE 65]. Numerous communications and attempts to communicate ensued, but Plaintiff Carter did not respond to attempts to reschedule or take his deposition despite the looming discovery deadline of July 1. [*Id*]. Defendant Chaffins attached the parties email communications to his response. [*Id*].

The Magistrate Judge scheduled an in-person discovery hearing for June 21, 2024 to resolve Plaintiff Carter's objection to the deposition notice. [DE 22]. Plaintiff Carter then filed an "Objection to Order for Discovery Hearing," stating "[t]here is no need for an in-person hearing if the Defendant's attorney would correspond in a timely manner . . . The Court gave a short-notice for an in-person hearing . . . [a]lso, due to my wife being sick, she can't be left alone." [DE 23 at 75]. Plaintiff Carter stated in his objection that the Magistrate Judge will not be fair to him and "asking the Chief Justice to appoint a new judge . . ." [DE 23 at 75]. The Magistrate Judge then rescheduled the hearing and converted it from in-person to telephonic. [DE 24]. Plaintiff Carter then filed a Motion for Continuance of Telephonic Conference, asking "the above case be put on hold until a decision is made by the Chief Justice" on Plaintiff Carter's request for a new judge. [DE 26].

This court denied Plaintiff Carter's objection, ordered him to attend the telephonic hearing sheduled for June 28, 2024, and notified Plaintiff Carter that failure to comply with the Magistrate Judge's order or this court's order may result in dismissal of this lawsuit under Fed. R. Civ. P. 37 and 41(b). [DE 27]. Ultimately the Magistrate Judge attempted to conduct a telephonic conference, which Plaintiff Carter did not participate in or answer the court's call. [DE 30 at 115]. Carter then moved again for the case to be reassigned to a new magistrate judge, indicating he will not comply with orders of the court or otherwise participate in this case until a new judge is assigned. [DE 29]. The Magistrate Judge issued a report and recommendation that this case be dismissed with prejudice as sanction for Plaintiff Carter's continued disregard of the court's orders. [DE 30]. Plaintiff Carter filed an objection to the report and recommendation. [DE 31].

## II.  STANDARD OF REVIEW

A party may object to a magistrate judge's non-dispositive order within fourteen days. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). When a party timely objects to a magistrate judge's non-dispositive order, this Court "has authority to 'reconsider' the determination, but under a limited standard of review." *Massey v. City of Ferndale*, 7 F.3d 506, 509 (6th Cir. 1993) (citing 28 U.S.C. § 636(b)(1)(A)). Under that standard, a magistrate judge's determination must be affirmed unless the objecting party shows that the order is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a) (implementing statutory directive). Factual findings are reviewed under the clearly erroneous standard, while legal conclusions are reviewed under the contrary to law standard. *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992), *aff'd per curiam*, 19 F.3d 1432 (6th Cir. 1994) (unpublished table disposition) (internal quotation marks omitted). A legal conclusion is contrary to law if it contradicts or ignores

applicable precepts of law. *Id.* (citing *Adolph Coors Co. v. Wallace*, 570 F. Supp. 202, 205 (N.D. Cal. 1983)).

### III. DISCUSSION

As previously described by the court, Plaintiff Carter's efforts have been more aimed at interfering with the orderly proceeding of the case, rather than advancing it. This case was referred to the Magistrate Judge under 28 U.S.C. § 636(b)(1)(A) "for resolution of all litigation planning issues, entry of scheduling orders, consideration of amendments thereto, and resolution of all non-dispositive matters, including discovery issues." [DE 6 at 25]. The referral further "empowered [the Magistrate Judge] to conduct any hearings necessary for the resolutions of these issues . . ." [*Id.*]. There is no question that the Magistrate Judge has the authority to resolve discovery issues and may conduct a hearing to do so. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 379–80 (1994) (describing the authority of courts to manage proceedings), 28 U.S.C. § 636(b)(1). Thus, the Magistrate Judge's scheduling and attempt to conduct a status conference was not "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). As stated before, the Magistrate Judge is appropriately managing this proceeding and may schedule hearings as needed.

A magistrate judge may prepare a report and recommendation on a dispositive issue. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1). This Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). The Court need not review under a *de novo* or any other standard those aspects of the report and recommendation to which no specific objection is made and may adopt the findings and rulings of the magistrate judge to which no specific objection is filed. *Thomas v. Arn,* 474 U.S. 140, 149–50, 155 (1985).

A specific objection "explain[s] and cite[s] specific portions of the report which [counsel] deem[s] problematic." *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) (alterations in original) (citation omitted). A general objection that fails to identify specific factual or legal issues from the R&R is not permitted as it duplicates the magistrate judge's efforts and wastes judicial resources. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). After reviewing the evidence, the Court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1)(C).

This court previously ordered Plaintiff Carter to attend the telephonic hearing scheduled by the Magistrate Judge. This court warned Plaintiff Carter that failure to comply with the Magistrate Judge's order or this order may result in dismissal of this lawsuit under Fed. R. Civ. P. 37 and 41(b). [DE 27]. Plaintiff Carter's inappropriate electronic communications with court personnel are detailed in the record. [DE 36-1]. Despite this court's previous ruling, Plaintiff Carter filed yet another motion for assignment of a different magistrate judge. [DE 29]. Plaintiff Carter's actions after this court's ordering to comply with the orders of the magistrate judge demonstrate he had no intention of participating in the scheduled telephonic status conference or in the case allegedly until a new judge is assigned.

Under Fed. R. Civ. P. 41(b), a court may dismiss an action "[i]f the plaintiff fails to prosecute or to comply with . . . a court order." Dismissal under Rule 41(b) is a tool for district courts to manage their dockets and avoid unnecessary burdens on opposing parties and the judiciary. *Knoll v. Am. Tel. & Tel. Co*, 176 F.3d 359, 362–63 (6th Cir. 1999). The Sixth Circuit has noted that the dismissal of a claim for failure to prosecute is a "harsh sanction which the court should order only in extreme situations showing a clear record of contumacious conduct by the plaintiff." *Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 614–15 (6th Cir.1998) (quoting *Carter*

*v. City of Memphis*, 636 F.2d 159, 161 (6th Cir.1980)). Yet, "[w]here a plaintiff . . . is inexcusably unprepared to prosecute the case, Rule 41(b) dismissal is particularly appropriate." *Knoll*, 176 F.3d at 364. Four factors guide the analysis of whether dismissal under Rule 41(b) is appropriate:

> (1) whether the party's failure is due to willfulness, bad faith, or fault;
> (2) whether the adversary was prejudiced by the dismissed party's conduct;
> (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and
> (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Knoll*, 176 F.3d at 363. Although no one factor is outcome dispositive, a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct. *Id.*, citing *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir.1980). Contumacious conduct, under the rule, means "perverse in resisting authority" and "stubbornly disobedient." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008) (quoting Webster's Third New International Dictionary 497 (1986)). The Magistrate Judge recommends dismissal of this action because Plaintiff Carter continues to demonstrate a persistent pattern of unjustifiably delaying the proceedings and disregarding explicit orders of the court and that no less drastic sanction would serve the interests of justice. [DE 30].

Plaintiff Carter objects to the recommendation, rehashing previous arguments that he has requested a new magistrate judge because the Magistrate Judge has demonstrated bias against him. The court has reviewed the record, including the repeated threatening electronic communications from Plaintiff Carter to court personnel, and the Magistrate Judge has appropriately attempted to manage the litigation. Plaintiff Carter has repeatedly, and without excuse, resisted the and refused to comply with orders of this court and the Magistrate Judge under the guise that a new magistrate judge must be appointed. Plaintiff Carter's actions demonstrate he does not intend cooperate in pursuing this case in good faith. Plaintiff Carter was warned that continued disobedient conduct

6

could result in dismissal of the case. Given the circumstances, no sanction other than dismissal with prejudice for Plaintiff Carter's refusal to cooperate would be effective. Thus, Plaintiff Carter's motion for the appointment of a new magistrate judge is denied and his objection is overruled.

### IV. CONCLUSION

For the reasons explained, and the Court being otherwise sufficient advised, **IT IS ORDERED** as follows:

1. Plaintiff Carter's motion for reassignment of magistrate judge [DE 29] is **DENIED**;

2. Plaintiff Carter's objection [DE 31] to the Magistrate Judge's Report and Recommendation [DE 30] is **OVERRULED;**

3. The Magistrate Judge's Report and Recommendation [DE 30] is **ACCEPTED;**

4. The Court will enter separate judgment.

*Rebecca Grady Jennings, District Judge*
United States District Court

October 23, 2024

cc: Plaintiff, pro se

counsel of record